Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 192} I concur in the judgment affirming Kirkland’s convictions. But because I believe that the prosecutorial misconduct in this case violated Kirkland’s rights to due process, I respectfully dissent from the majority’s decision to affirm his death sentence and would remand the case for a new sentencing hearing pursuant to R.C. 2929.06(B).
{¶ 193} Although I agree with the majority’s conclusion that “the prosecutor’s closing argument prejudicially affected Kirkland’s substantial rights,” majority opinion at ¶ 83, I disagree with the majority’s decision declining to remand the case for a new sentencing hearing. Our procedures for sentencing in capital cases charge two independent bodies with evaluating whether the death penalty *106 is proper: the jury or a three-judge panel at the trial level and this court at the appellate level. In cases like this, where a jury has recommended a sentence of death, our independent review of a death sentence should occur only if proper sentencing-phase procedures were followed leading up to the jury’s recommendation.
{¶ 194} While R.C. 2929.05(A) provides that we must conduct an independent evaluation of the death sentence, we should not conduct this evaluation when the sentence was recommended by a jury that was exposed to substantial and prejudicial prosecutorial misconduct. We have typically used our independent evaluation of the death sentence to correct errors of law by the trial court in its sentencing opinion. See, e.g., State v. Lang, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 298; State v. Fox, 69 Ohio St.3d 183, 191, 631 N.E.2d 124 (1994). By declining to remand this case, the majority fails to preserve the unique role of the jury in capital cases.
{¶ 195} As noted in the majority opinion, a prosecutor’s closing argument is prejudicial when it is “so inflammatory as to render the jury’s decision a product solely of passion and prejudice.” State v. Williams, 23 Ohio St.3d 16, 20, 490 N.E.2d 906 (1986). The majority opinion cites repeated remarks by the prosecutor that meet this standard in this case, and it concludes that “the state’s closing remarks in the penalty phase were improper and substantially prejudicial.” Majority opinion at ¶ 96. This conclusion is borne out by the record.
{¶ 196} Because the prosecutorial misconduct in this case potentially rendered the jury’s decision recommending death “a product solely of passion and prejudice,” it cannot be cured by this court’s independent review of the sentence. While our own evaluation can cure errors occurring during the penalty phase, it cannot cure an error that may'have caused the jury to recommend a sentence that is solely a product of prejudice. The majority cites State v. Mills, 62 Ohio St.3d 357, 373-374, 582 N.E.2d 972 (1992). In Mills, however, there were far fewer instances of prosecutorial misconduct, and the defendant failed to object. Most significantly, we did not conclude that the state’s actions were substantially prejudicial. Kirkland’s case, on the other hand, is not a case in which offhand remarks by the prosecutor may have had a negligible effect. Here, the majority has concluded that the prosecutorial misconduct was substantially prejudicial. I do not believe that we can conduct an independent review of a death sentence that was not properly recommended, and I therefore would reverse the judgment and remand for a proper sentencing hearing.
{¶ 197} Reversing the judgment sentencing Kirkland to death would not mean that he has escaped the death penalty for his actions. Because this case would be remanded due to an error that occurred during the sentencing phase of the trial, Kirkland would still be eligible for the death penalty pursuant to R.C. 2929.06(B). *107 Although the crimes Kirkland is alleged to have committed are horrific, due process requires that a jury be free from prejudice before recommending the death penalty. Due process, in my view, demands a reversal and remand for resentencing.